UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                           Case No. 13-CR-161

ANGEL ERAZO-SANTA,

    Defendant.

RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR
VIOLATION OF INTERSTATE AGREEMENT ON DETAINERS

Angel Erazo-Santa is charged in this district with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). Erazo-Santa was arraigned on the charge and entered a plea of not guilty. A jury trial before the Honorable J.P. Stadtmueller is scheduled for June 27, 2016.

Before me is Erazo-Santa's motion to dismiss for violation of the Interstate Agreement on Detainers ("IAD"). (Docket # 14.) Erazo-Santa argues that the indictment against him must be dismissed because he was not brought to trial within 180 days of giving notice to the prosecutor and the court of his desire for a prompt disposition, in violation of the IAD. The motion has been briefed and is ready for resolution.[1] For the reasons explained below, I recommend that the defendant's motion to dismiss be denied.

BACKGROUND

On February 25, 2013, Erazo-Santa was arrested by the Milwaukee Police for armed robbery and violating his probation. (Gov't Br. at 4, Docket # 16.) On August 27, 2013, a

---

[1] Erazo-Santa has filed a motion to permit him to file *instanter* his reply brief in support of his motion to dismiss. (Docket # 17.) I will grant the motion.

grand jury in this district returned a one-count indictment charging Erazo-Santa with Hobbs Act Robbery. (Docket # 1.) On or about August 12, 2014, while serving a Wisconsin state prison sentence at Redgranite Correctional Institution, Erazo-Santa states that he was notified that a detainer had been filed against him based on the indictment in this case. (Def.'s Br. at 1, Docket # 14.) Erazo-Santa signed a form acknowledging receipt of the detainer and indicating that he wished to discuss the issue of prompt disposition with his attorney. (Def.'s Br., Ex. A, Docket # 14-1.)

On or about August 23, 2014, Erazo-Santa sent a letter to the records office at Redgranite Correctional Institution indicating that he wished to pursue a prompt disposition based on the advice of his attorney. (Def.'s Br., Ex. B, Docket # 14-2.) On or about August 25, 2014, Redgranite Correctional Institution presented Erazo-Santa with another copy of the Notice of the Detainer. (Def.'s Br., Ex. C, Docket # 14-3.) This detainer indicated that Erazo-Santa was not eligible for prompt disposition of his case, so he refused to sign the detainer acknowledgment. (*Id.*)

On or about August 16, 2014, Erazo-Santa sent a letter to Assistant United States Attorney Mario Gonzales indicating that he had been advised that a prompt disposition of his detainer was unavailable and asked for clarification of his right to a prompt disposition. (Def.'s Br., Ex. D, Docket # 14-4.) The letter is addressed to AUSA Gonzales at the "Federal Bureau of Investigation, 330 E. Kilbourn Ave., Suite 600" in Milwaukee. (*Id.*) The government states that the United States Attorney's Office for the Eastern District of Wisconsin has no record of receiving the letter. (Gov't Br. at 6.)

On or about November 3, 2015, Erazo-Santa sent a letter to Chief Judge William Griesbach stating that he was being held on a detainer for a year and a half and had asked

for a prompt disposition several times and was told that it did not apply to him. (Def.'s Br., Ex. E, Docket # 14-5.) He stated that he wanted to do "whatever is necessary to resolve this issue." (*Id.*) The letter was electronically filed on November 6, 2015. (*Id.*)

## ANALYSIS

### 1. The Interstate Agreement on Detainers

The IAD is a multi-state agreement to "encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." *United States v. Jones*, 454 F.3d 642, 646-47 (7th Cir. 2006) (citing Art. I, 18 U.S.C.App. § 2). Wisconsin and the United States are both parties to the IAD. Wis. Stat. §§ 976.05, 976.06; 18 U.S.C.App. § 2.

A detainer is a notice filed with a prisoner's institution of incarceration alerting both he and the institution that the prisoner is wanted to face criminal charges in another jurisdiction. *Jones*, 454 F.3d at 647. Practically, the detainer is a request that the prisoner be held for the other jurisdiction's prosecutors or that the holding institution notify the prosecutors of the prisoner's pending release. *Id.* When a detainer is lodged, the defendant "'shall be brought to trial within one hundred and eighty days after he *shall have caused to be delivered to the prosecuting officer and the appropriate court* of the prosecuting officer's jurisdiction written notice of . . . his request for a final disposition to be made of the indictment . . . .'" *Id.* (quoting IAD, Art. III(a), 18 U.S.C.App. § 2) (emphasis in original). The executed demand notifies the waiting jurisdiction of the prisoner's intent to exercise his right to a speedy trial. *Id.* The leading Supreme Court case on this matter, *Fex v. Michigan*, 507 U.S. 43, 52 (1993), found that the IAD requires actual delivery of this notice to both the court and the prosecutor.

3

*2. Application to this Case*

In this case, Erazo-Santa argues that at least by November 6, 2015, he had given the required written notice to the court and the prosecution of his request for prompt disposition of his case. (Def.'s Br. at 3.) He argues that although the letter to the court was not "artfully drafted," it made clear that he was requesting a prompt disposition. (*Id.*) The government argues that the U.S. Attorney's Office never received the letter addressed to AUSA Gonzales at the address of the Federal Bureau of Investigation. (Gov't Br. at 5-6.) The government further argues that it is unclear whether Erazo-Santa's letter to Judge Griesbach requested a speedy trial. (*Id.* at 6.)

Application of the IAD is implicated when an effective detainer is lodged against a prisoner. The parties do not dispute that the IAD is implicated in this case. They do, however, dispute whether the 180 day time frame under the IAD was ever triggered. The 180 day time clock begins to run when the "prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." *Fex*, 507 U.S. at 52. Here, the defendant sent a letter to the U.S. Attorney's Office at the address of the FBI. The government states it never received it. Accordingly, I agree that this letter, which was not actually delivered to the government, did not trigger the 180 day clock.

The defendant also sent a letter to the Court which was electronically filed on November 6, 2015. Under the Court's electronic filing system, the government would have also received this letter. *See United States v. Ferreira*, No. 05-CR-92-3, 2009 WL 311136, *7 (E.D. Tenn. Feb. 6, 2009), *rev'd on other grounds*, 665 F.3d 701 (6th Cir. 2011) (finding that defendant properly gave notice to the prosecutor under the IAD when a copy of the

4

Case 2:13-cr-00161-JPS   Filed 06/08/16   Page 4 of 7   Document 19

detainer, which included notice of his request for final disposition and speedy trial, was electronically filed and the prosecutor received notice of the request at that time). The government does not dispute that it electronically received this letter; however, the government argues that Erazo-Santo did not request a "speedy trial" in the letter and therefore the 180 day time frame was not triggered. I disagree. A prisoner's rights under the IAD are independent of other constitutional or statutory guarantees. The IAD co-exists with the Speedy Trial Act to encourage expeditious disposition of outstanding charges against prisoners. But the IAD does not require the prisoner to assert his right to a "speedy trial." Rather, the IAD requires that the prisoner makes a request for "final disposition." Here, in his letter, Erazo-Santa stated that his detainer became active on August 24, 2014, that he had been held on the detainer for a year and a half, and that he had asked for a prompt disposition of his case several times. (Def.'s Br., Ex. E.) He then stated that he "would like to do whatever is necessary to resolve this issue as my release is close upon me . . . ." (*Id.*) A reasonable reading of this letter is that Erazo-Santa was requesting a "final disposition" of his indictment. With both the court and the prosecutor having electronically received this request for final disposition, the 180 day time frame began running on November 6, 2015. *Fex*, 507 U.S. at 52 (the 180-day clock does not start until the demand "has actually been delivered to the [district] court and prosecuting officer of the jurisdiction that lodged the detainer against him"). As such, Erazo-Santa was entitled to be brought to trial by May 4, 2016 (within 180 days of November 6, 2015).

However, the IAD, like the Speedy Trial Act, contains tolling provisions. The IAD states in relevant part: "In determining the duration and expiration dates of the time periods provided in articles III and IV of this agreement, the running of said time periods shall be

tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." Art. VI(a), 18 U.S.C.App. § 2. The Seventh Circuit has stated that it has defined the language, "the prisoner is unable to stand trial," to include "'all those periods of delay occasioned by the defendant,' and specifically, 'the periods of delay occasioned by the . . . motions filed on behalf of the defendant . . . .'" *United States v. Dawn*, 900 F.2d 1132, 1136 (7th Cir. 1990) (quoting *United States v. Nesbitt*, 852 F.2d 1502 (7th Cir. 1988); *United States v. Roy*, 830 F.2d 628, 634 (7th Cir. 1987)). In this case, even though Erazo-Santa should have been brought to trial by May 4, 2016, he filed motions for extension of time to file pretrial motions on May 2, 2016 (Docket # 12) and May 12, 2016 (Docket # 13) and ultimately filed his motion to dismiss on May 13, 2016 (Docket # 14). The time period between May 2, 2016 and May 12, 2016 constitutes a "period[ ] of delay occasioned by the defendant" and is tolled from the time clock. And the clock will start running again from the time of the final determination of Erazo-Santa's motion. Thus, on May 2, 2016, 177 days of his 180 day deadline had passed. Because the time to consider the defendant's motion tolls the running of the IAD time clock, there are 3 days remaining to commence trial from the time of the final determination of the motion. Accordingly, the 180 day period has not expired. For this reason, I recommend that the defendant's motion to dismiss be denied.

**NOW, THEREFORE, IT IS RECOMMENDED** that the defendant's motion to dismiss for violation of the Interstate Agreement on Detainers (Docket # 14) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part

thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 8th day of June, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge