# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ANGEL ERAZO-SANTA,<br><br>　　　　　　　Defendant. | Case No. 13-CR-161-JPS<br><br><br><br>ORDER |

1. INTRODUCTION

On May 13, 2016, the defendant, Angel Erazo-Santa ("Erazo-Santa"), filed a motion to dismiss the indictment against him for violation of the Interstate Agreement on Detainers ("IAD"). (Docket #14). On June 8, 2016, Magistrate Judge Nancy Joseph issued her Report and Recommendation ("Report") on the motion, recommending that it be denied. (Docket #19). On June 16, 2016, Erazo-Santa filed an objection to the Report. (Docket #21). On June 20, 2016, the government filed its response to the objection. (Docket #24). For the reasons explained below, the motion to dismiss will be granted and the indictment will be dismissed without prejudice.

2. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(b) governs dispositive motion practice initiated before magistrate judges. Parties have fourteen days to file "specific written objections" to a magistrate judge's report and recommendation on such a motion. Fed. R. Crim. P. 59(b)(2). As noted in the Court's previous order, Erazo-Santa's objection was timely filed. (Docket #23). When reviewing a magistrate's recommendation, the Court is obliged to analyze the recommendation *de novo.* 28 U.S.C. § 636(b)(1)(C). Thus, the Court can "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." *Id.* In other words, the Court's *de novo* review of Magistrate Joseph's findings and recommendations is not limited to her legal analysis alone; rather, the Court may also review her factual findings, and accept, reject, or modify those findings as it sees fit based upon the evidence. *Id.*

3.     ANALYSIS

    3.1     The Motion to Dismiss

For the purposes of this order, the Court assumes familiarity with the Report. The parties do not dispute the magistrate's finding that Erazo-Santa's November 6, 2015 letter started the IAD's 180-day clock. (Docket #19 at 4-5). The only remaining issue is how much time actually remains on the clock. Magistrate Joseph determined, after applying the IAD's tolling provision and relevant Seventh Circuit case law, that three days will remain on the clock from the moment this Court's order is issued. *Id.* at 5-6. The government agrees. (Docket #24 at 2). Erazo-Santa contends, for various reasons, that the magistrate applied tolling excessively and, thus, that the IAD clock has already run. (Docket #21 at 5-9).

One of these reasons is dispositive. Erazo-Santa contends that the period from May 2 to May 4 (dates are from 2016, unless otherwise stated) should not have been included in the toll computation. (Docket #21 at 7). Though Erazo-Santa's first motion seeking an extension of the pretrial motion deadline was filed on May 2 (Docket #12), the deadline itself was not until May 4 (Docket #8). The extension did not actually begin until it was necessary, that is, on May 5. As noted in the magistrate's report and recommendation, May 4 was the 180th day from November 6, 2015. Thus, as of the stroke of midnight on May 4, the time to bring Erazo-Santa to trial in accordance with the IAD expired, and his request for extension of time

began. By operation of the tolling provision, at the moment the Court issues the instant order, the 180-day period will be over.

The government raises only one avenue in an attempt to avoid this result—waiver. In *New York v. Hill*, 528 U.S. 110, 114-15 (2000), the U.S. Supreme Court held that IAD rights may be waived by action of a defendant's counsel. In *Hill*, counsel for the parties appeared in court to set a trial date. *Id.* at 112. During the hearing, the prosecutor offered a trial date beyond the 180-day IAD period. *Id.* at 113. The court asked if that date was acceptable to the defense, and defense counsel agreed that it was. *Id.* Thus, it was clear that Hill's attorney expressly agreed to the IAD-violative trial date. Unfortunately, no such clarity exists here. Indeed, the minutes of the arraignment hearing reveal that, far from a silent waiver of Erazo-Santa's IAD rights, his counsel raised the issue more than once. See (Docket #8). Moreover, this Court's review of the audio transcript of the arraignment before Magistrate Judge David Jones confirms that defense counsel interposed an IAD objection and the magistrate acknowledged that it had been preserved. On the current record, the Court declines to extend *Hill* beyond its terms.[1] Erazo-Santa did not waive his IAD rights, and the 180-day period for his trial has ended, so the motion to dismiss must be granted.

---

[1] In the final pretrial conference held on June 21, 2016, defense counsel distinguished *Hill* by arguing that this Court set the trial date before the arraignment, giving him no opportunity to object to the date. The government responded that the defendant still failed to file an objection to the trial date in this Court. This disagreement is of little consequence since it does not take into account the factual record made during the arraignment proceeding before Magistrate Jones.

### 3.2 Dismissal of the Indictment.

Having found a violation of the IAD, its standard provisions appear to suggest that dismissal of the indictment be with prejudice. 18 U.S.C. App. 2, § 2 Art. V(c) ("[I]n the event that an action on the indictment, …on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III [180-days]…, the appropriate court of the jurisdiction where the indictment…has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."). However, Section 9 of the IAD contains special provisions which apply when the United States is the "receiving state." The United States is the "receiving state" here because it filed the detainer against a Wisconsin state prisoner. *Id.* at Art. II(c). Section 9 allows for dismissal with or without prejudice upon consideration of,

> among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the agreement on detainers and on the administration of justice[.]

18 U.S.C. App. 2, § 9(1).

There is little guidance from the Seventh Circuit on analyzing these factors. Its only decision mentioning them, *Brewington*, did not bring the factors squarely before the court. *U.S. v. Brewington*, 512 F.3d 995, 998 (7th Cir. 2008). There, the defendant was indicted on possession of a firearm and ammunition by a felon. *Id.* at 996. He was indicted in September 2005 and informed of the indictment in February 2006, whereupon he promptly exercised his IAD rights. *Id.* Although the U.S. Attorney received the demand for prompt disposition shortly thereafter, the district court never did. *Id.* When the defendant was brought in for his initial appearance in October

2006, he moved to dismiss the indictment for violation of the IAD's 180-day time limit. *Id.* For reasons unhelpful to the instant analysis, the district court found that the 180-day limit had not been breached and denied the motion, and the Seventh Circuit affirmed. *Id.* at 997-99. Afterward, though, the court referenced the availability of dismissal without prejudice under Section 9 if the 180-day limit *had* expired. *Id.* at 997-98. It noted that "the seriousness of the charge and the lack of evidence of bad faith by the government might very well have moved the court to only enter a dismissal order without prejudice." *Id.* at 998. *Brewington* then cited cases from two other circuits on the issue as examples, which will be cited below as necessary.

As to the first factor, Erazo-Santa was charged with armed robbery. (Docket #1). He and his accomplices allegedly broke into a residence at night, beat the occupants with a crow bar, threatened them with a gun, and stole thousands of dollars as well as other expensive personal property. (Docket #16 at 2-4). This is, needless to say, an extremely serious crime, far more so than the firearm possession charge (which arose in the context of a probation violation, not actual use of the gun) which *Brewington* found to be sufficiently serious to warrant dismissal without prejudice. *Brewington*, 512 F.3d at 998. Erazo-Santa's crime, if convicted, carries a maximum term of twenty years in prison. 18 U.S.C. § 1951(a).

As to the second factor, the circumstances of the case are assessed for evidence of bad faith or intentional conduct on the government's part. *See U.S. v. Kelley*, 402 F.3d 39, 42-43 (1st Cir. 2005); *U.S. v. McKinney*, 395 F.3d 837, 841 (8th Cir. 2005). Erazo-Santa argues that he suffered an over one-year delay, the time between being notified of the detainer in August 2014 and his November 2015 letter, because of government action or, in this case, inaction. Specifically, the prison initially failed to forward his request for prompt

Page 5 of 7

Case 2:13-cr-00161-JPS   Filed 06/22/16   Page 5 of 7   Document 26

disposition to the court and prosecutor, and later provided him erroneous advice, namely that he was not eligible for prompt disposition. (Docket #21 at 2-3). While the delay is long and the erroneous advice is suspect, the Court cannot say that the circumstances rise to the level of bad faith.[2]

As to the final factor, the focus is on prejudice to the defendant. Erazo-Santa asserts prejudice in a conclusory fashion without explaining how he has been prejudiced. *See id.* at 9-10; *see also McKinney*, 395 F.3d at 841-42 (the defendant claimed prejudice in having to restate a drug rehabilitation program, but the court disagreed). He further claims that "[d]ismissal with prejudice is necessary to effect the purposes of the IAD" without elaboration. *Id.* at 10. The IAD states that it seeks to address the problem of detainers "produc[ing] uncertainties which obstruct programs of prisoner treatment and rehabilitation." 18 U.S.C. App. 2, § 2 Art. I. Erazo-Santa has identified nothing about his case which would frustrate this purpose if dismissal were granted without prejudice.

4.   CONCLUSION

The time to bring Erazo-Santa to trial expires as of the filing of this order necessitating that the Court grant the defendant's motion to dismiss. Though the government's actions caused significant delay and confusion on Erazo-Santa's part, in the end the seriousness of his crime and lack of prejudice to him favor dismissal of the indictment without prejudice.

Accordingly,

---

[2] The government contends that it should not be responsible for much of the delay in this matter, as it was due primarily to the actions of the State of Wisconsin. (Docket #24 at 4). The Court is not convinced this is an appropriate distinction for purposes of its analysis but, in any event, it does not change the result.

IT IS ORDERED that Magistrate Judge Joseph's Report and Recommendation (Docket #19) be and the same is hereby ACCEPTED in part and REJECTED in part;

IT IS FURTHER ORDERED that the defendant's motion to dismiss (Docket #14) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that the indictment be and the same is hereby DISMISSED without prejudice.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 7 of 7

Case 2:13-cr-00161-JPS   Filed 06/22/16   Page 7 of 7   Document 26